IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUSTIN HEARD | : |
| | : |
| v. | : CIVIL ACTION NO. 16-308 |
| | : |
| JOHN E. WETZEL, ET AL. | : |

McHUGH, J.                                                                                                      December 7, 2021

## MEMORANDUM

Petitioner Justin Heard, a prisoner in state custody following his conviction for third-degree murder and related offenses, seeks Relief from Judgment under Civil Rule 60(b)(6) on the basis of newly discovered evidence.  Under the circumstances of Mr. Heard's case, Rule 60(b) is not a basis for relief.  Rule 60(b) provides for relief from a final federal judgment and there is no underlying prior habeas proceeding in this case from which relief could be granted.  Because there is no prior habeas proceeding in this case to "reopen," Mr. Heard's petition will instead be construed as a first habeas petition under 28 U.S.C. § 2254.  This petition is untimely under 28 U.S.C. §2244(d)(1) and will be dismissed.

### I.   Relevant Factual and Procedural History:

On November 13, 2009, following a mistrial,[1] Petitioner pled guilty to one count of third-degree murder, conspiracy to commit murder, and possessing an instrument of crime related to his participation in a robbery of a home.  Pet. Mot. for Relief, ECF 14, at 1-3.  During the course of the robbery, one occupant was shot and killed and another occupant was shot and seriously injured.

---

[1] Petitioner's first trial ended in a mistrial when one of Petitioner's co-conspirators had a medical emergency.  Resp. to Mot. for Relief, ECF 18 at 2 n.2.

*Id.* The trial court sentenced Petitioner to 17 ½ to 35 years of incarceration and Petitioner did not file a direct appeal. *Id.* at 3.

On March 23, 2016, Petitioner alleges that he discovered new evidence related to his case. *Id.* at 5. Specifically, Mr. Heard claims to have learned that one of his co-defendants, Kevin Hiller, who would have testified against Heard at trial, had denied knowledge of any "double homicides" in a separate, unrelated proceeding. *Id.* at 5-7. Petitioner interprets this as Mr. Hiller denying any knowledge of the homicide that occurred during the home invasion in Heard's case. *Id.*

On May 20, 2016, Petitioner filed a counseled PCRA petition, citing this newly discovered evidence. *Id*. at 3. The PCRA court dismissed Mr. Heard's petition as untimely, and the Superior Court affirmed the dismissal. *Commonwealth v. Heard*, No. 2750 EDA 2018, 2019 WL 5399535, at *1 (Pa. Super. Ct. Oct. 22, 2019). The Pennsylvania Supreme Court denied allowance of appeal on May 6, 2020. *Commonwealth v. Heard*, 232 A.3d 565, 566 (Pa. 2020).

Nine months later, on February 8, 2021, Petitioner filed this Rule 60(b) motion (ECF 14), seeking relief based on Hiller's inconsistent testimony, which he characterizes as new evidence which could not have been previously discovered through due diligence. Pet. Mot. for Relief at 1. In his petition, Mr. Heard admits that he did not file a federal habeas petition within one year of his conviction. *Id*. at 4. He seeks to overcome the problem of untimeliness by arguing that this Rule 60(b) motion was filed within one year of the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence. *Id.*

    II.    Discussion:

        a.   <u>Rule 60(b) Relief is Improper, as There is No First Habeas</u>

Rule 60(b) allows the court to "relieve a party or its legal representative from a final judgment, order, or proceeding" for a number of reasons, including "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)" and "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(2),(6). A Rule 60(b) motion is a "collateral attack on the first habeas judgment." *Blystone v. Horn*, 664 F.3d 397, 413 (3d Cir. 2011). Here, there is no federal habeas petition in this case,[2] and correspondingly, no "final judgment" in federal court from which Petitioner could receive relief. Rule 60(b) addresses judgments entered by a federal court. As such, it does not give federal courts jurisdiction to grant relief from the judgment of a state PCRA court. *See Burke v. Sec'y Pennsylvania Dep't of Corr.*, 747 F. App'x 895, 896 (3d Cir. 2018) (non-precedential). Without a final §2254 judgment to reopen, the Rule 60(b) motion is baseless.

      b.  <u>Construed as a Habeas the Petition is Untimely</u>

Because relief under Rule 60(b) is not available, the parties agree that Mr. Heard's petition should instead be treated as a habeas petition under 28 U.S.C. § 2254. *See* Pet. Mot. for Relief, ECF 14, at 4 n.1 ("Should this Court determine that Rule 60 does not apply, Petitioner alternatively avers that the instant petition should be considered a first habeas corpus petition and that equitable tolling provisions should apply."); Resp. To Mot. for Relief, ECF 18, at 3 ("Although petitioner styled his filing as a Rule 60(b) motion, it should instead be construed as his first habeas petition.").

---

[2] The docket is confusing in that it reflects a prior habeas petition. That is so because Petitioner also entered a guilty plea in state court to third-degree murder and related offenses in a different, unrelated murder (Court of Common Pleas Docket No. CP-51- CR-0003926-2010). It is those convictions, not the convictions stemming from this incident, that are the subject of the prior habeas proceedings under this federal docket number.

3

Proceeding to treat Mr. Heard's motion as a habeas petition, AEDPA established a one-year limitations period for the filing of petitions by state prisoners, codified at 28 U.S.C. § 2244(d)(1):

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). In Mr. Heard's case, the relevant provision is § 2244(d)(1)(D): "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Assuming that this period began to run on March 23, 2016, when he alleges that he first heard about his co-conspirator's inconsistent testimony, that period expired on March 23, 2017. As he did not file the instant petition until February 8, 2021, it is untimely. The question then is whether this period is subject to statutory or equitable tolling. *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 85 (3d Cir. 2013).

I find that statutory tolling is unavailable. The statute is tolled during "[t]he time [in] which a properly filed application for State post-conviction relief or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *Morris v. Horn*, 187 F.3d 333, 337 (3d Cir. 1999). The key language here is "properly filed," which is defined as "being

4

submitted in accordance with the state's procedural requirements." *Fahy v. Horn*, 240 F.3d 239, 243 (3d Cir. 2001). When applying AEDPA, "we must look to state law governing when a petition for collateral relief is properly filed." *Merritt v. Blaine*, 326 F.3d 157, 165 (3d Cir. 2003) (internal citation omitted).

Here, the PCRA Court found that Mr. Heard's PCRA petition was untimely and not properly filed as a matter of state law. *Commonwealth v. Heard,* No. 2750 EDA 2018, 2019 WL 5399535, at *1 (Pa. Super. Ct. Oct. 22, 2019). Mr. Heard had argued that his petition was timely under state law as it fell into the statutory exception to tolling where "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence." 42 Pa. Cons.Stat. Ann. § 9545(b)(1)(ii). But, the PCRA Court did not accept Heard's argument that a statutory exception applied. Specifically, the Court found that "Appellant produced no evidence of the date on which Hiller gave his testimony, and therefore Appellant failed to plead or prove that he exercised due diligence in learning of Hiller's testimony. Thus, Appellant has failed to plead and prove the applicability of § 9545(b)(1)(ii)." *Commonwealth v. Heard,* 2019 WL 5399535, at *1 (internal citations omitted).

I must defer to the state court's holding that Heard's PCRA petition was untimely, and it follows that it was not "properly filed" under AEDPA. *Merritt,* 326 F.3d at 165-66 (deferring to state court's holding that Petitioner's PCRA petition was untimely and therefore not "properly filed" under AEDPA). Untimely petitions do not toll the statute of limitations. *Id.*; *accord Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) (holding that "time limits, no matter their form, are 'filing' conditions," and so an untimely PCRA is not a basis for statutory tolling). "When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." *Id.* at 414 (internal citation omitted).

I similarly find that equitable tolling is inappropriate because Mr. Heard has not alleged facts sufficient to establish a basis for equitable tolling. "A litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Id.* at 418. Equitable tolling applies to "extraordinary" situations and should be "invoked sparingly." *Brinson v. Vaughn*, 398 F.3d 225, 230 (3d Cir. 2005).

Mr. Heard's showing of diligence is undermined by his delay in waiting more than nine months after the state Supreme Court denied his allowance of appeal to file this instant motion. *See Satterfield v. Johnson*, 434 F.3d 185, 196 (3d Cir. 2006) (the fact that Satterfield "waited more than eight months to file his habeas petition" after PCRA relief was denied undermined showing of diligence). Although Mr. Heard attempts to explain his delay in learning of Hiller's inconsistent testimony by noting that as an incarcerated person, he had limited ability to investigate, he certainly knew of the testimony by May 2016. And although he did file a PCRA petition in May 2016, he offers no explanation for why he waited from May 2020, when the Pennsylvania Supreme Court denied his appeal, until February 2021 to file this instant motion. *See Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999) ("Mere excusable neglect is not sufficient.") (internal citation omitted). In addition, he could have filed a protective federal habeas petition during the pendency of his PCRA proceeding, as described by the Supreme Court in *Pace v. DiGuglielmo,* 544 U.S. at 416–17, but failed to do so. *See Wallace v. Mahanoy*, 2 F.4th 133, 149–50 (3d Cir. 2021) (finding failure to file protective federal habeas petition weakened petitioner's diligence claim).

Mr. Heard's petition makes a conclusory argument that "equitable tolling should apply" but fails to offer any explanation or detail as to why his situation is "extraordinary." Resp. To Mot. for Relief, ECF 18, at 3; *Merritt,* 326 F.3d at 169 (noting that "[i]n non-capital cases, attorney

6

error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling.") (internal citation omitted). In light of this, I conclude that equitable tolling is unavailable.

As the statute of limitations per 28 U.S.C. § 2244(d)(1) has expired and is subject to neither statutory nor equitable tolling under the facts of this case, Mr. Heard's petition is untimely.

    c. Actual Innocence:

Finally, Mr. Heard does not argue that this newly discovered evidence proves his actual innocence under *McQuiggin v. Perkins,* 569 U.S. 383, 395 (2013). "*McQuiggin* establishes an exception to the statute of limitations, even where a petitioner may not qualify for an *extension* to the statute of limitations via equitable tolling." *Wallace v. Mahanoy,* 2 F.4th 133, 151 (3d Cir. 2021) (emphasis in original).

### III. Conclusion:

Mr. Heard's Motion for 60(b) Relief is denied. In order to comply with Rule 2(e) of the Rules Governing § 2254 Cases, a separate civil action will be opened. The Court having considered the pending motion as a Petition for habeas relief, that Petition is denied. There is no basis for the issuance of a certificate of appealability. An appropriate order follows.


       /s/ Gerald Austin McHugh
    United States District Judge