IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JUSTIN HEARD** | : | |
| | : | |
| v. | : | **CIVIL ACTION NO. 16-308** |
| | : | |
| **JOHN E. WETZEL, ET AL.** | : | |

# ORDER

This 7th day of December, 2021, upon consideration of Petitioner's Motion for Relief (ECF No. 14), it is hereby **ORDERED** that:

1. To the extent that Mr. Heard is seeks to reopen the judgment in this matter pursuant to Rule 60(b), that motion is **DENIED**, as there is no final judgement to reopen.

2. The Clerk of Court is **DIRECTED** to open a new civil matter, brought as an action filed pursuant to 28 U.S.C. § 2254, using a copy of this Order, and a copy of Petitioner's Motion for Relief (ECF No. 14), and assign it to my calendar. The "Motion for Relief" should be docketed as a "Memorandum in Support of a Petition for Writ of Habeas Corpus" in the new civil action and should be docketed with a filing date of February 8, 2021, since that is the date that the Petition was originally received.[1] This Order and the Memorandum Opinion filed in this action should be docketed in both this action and in the new civil action.

---

[1] Although Petitioner's motion is framed under Rule 60(b), it is apparent to the Court that he intended to file a new habeas petition. Because Mr. Heard has no prior habeas petition related to the convictions he now seeks to challenge, there is no jurisdictional obstacle to filing such a petition. And because this petition seeks to challenge a different conviction than the prior habeas petition filed under this docket number, a new case must be opened assigned pursuant to Rule 2(e) of the Rules Governing § 2254 Cases: "[a] petitioner who seeks relief from judgments of more than one state court must file a separate petition covering the judgment or judgments of each court."

3. Treating this pending motion as a petition for habeas relief, the motion is **DENIED** for the reasons set forth in the accompanying Memorandum. [2]

4. Any appeal of the Court's denial of relief shall be pursued under the new civil action number.

5. There is no basis for the issuance of a certificate of appealability.

6. The Clerk of Court is further **DIRECTED** to send Mr. Heard a copy of this Order, as well as a copy of the docket for the new civil action.

7. This case shall remain **CLOSED**, and the new civil action marked **CLOSED** after this Order and accompanying Memorandum are docketed.

/s/ Gerald Austin McHugh
United States District Judge

---

[2] The Court has construed the petition as an attempt to file a new petition for writ of habeas corpus. The parties agree that Mr. Heard's petition may be treated as a habeas petition under 28 U.S.C. § 2254. Pet. Mot. for Relief, ECF 14, at 4 n.1 ("Should this Court determine that Rule 60 does not apply, Petitioner alternatively avers that the instant petition should be considered a first habeas corpus petition and that equitable tolling provisions should apply."); Commonwealth Resp. To Mot. for Relief, ECF 18, at 3 ("Although petitioner styled his filing as a Rule 60(b) motion, it should instead be construed as his first habeas petition.").